# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, *ex rel.*, and Robert A. Dicken, *Relator*, | Case No. 0:13-cv-2691 (JNE/KMM) |
| Plaintiffs, | |
| v. | **ORDER** |
| Northwest Eye Clinic, P.A., Christopher J. Borgen, and Eric M. Tjelle, | |
| Defendants. | |

Frederick L. Neff, Neff Law Firm, P.A., 7400 Metro Boulevard, Suite 390, Edina, MN 55439; Chad A. Blumenfield and Pamela Marentette, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiffs.

Alex Herman, Garth J. Unke, and Kirsten J. Hansen, Stich Angell Kreidler Unke & Scattergood P.A., 250 2nd Avenue South, Suite 120, Minneapolis, MN 55401, counsel for defendants.

## Introduction

This discovery dispute arises out of a qui tam case involving Medicare billing fraud. The relator, Dr. Dicken, alleges that the Defendants, Dr. Borgen, Dr. Tjelle, and their employer Northwest Eye Clinic, P.A. (collectively, "Northwest"), submitted fraudulent claims to be paid by Medicare, including running unnecessary tests, billing for more complex services than actually rendered, and requiring patients to return frequently for unnecessary appointments.

## Procedural Background

Dr. Dicken moved to compel discovery of the majority of his outstanding Requests for Production ("RFP") and Requests for Admission, arguing that Northwest had not fully responded to his discovery requests. He also moved for

sanctions against Northwest, its attorneys, or both. Northwest responded that the majority of Dr. Dicken's requests were overly broad, unduly burdensome, and irrelevant to the case. In addition, Northwest expressed concern that some of the requests were unclear.

At the hearing, the Court worked with counsel for Dr. Dicken to identify six discovery disputes currently at issue:

> (1) whether discovery should be limited to the time frame of October 2007 to June 2014, or should continue until the date of trial;
>
> (2) the appropriate scope of discovery of the patient charts and files for Medicare patients;
>
> (3) the appropriate scope of discovery of Medicare billing and payment information from Northwest;
>
> (4) whether Northwest had fully and properly responded to Dr. Dicken's request for communications relating to fraud or billing to and from "financial intermediaries";
>
> (5) the appropriate scope of discovery regarding Medicare patient financial records and explanations of benefits; and
>
> (6) whether Dr. Dicken was entitled to discovery of Northwest's "master charge list."

The Court ruled from the bench on all of these, and now issues this Order memorializing those decisions.

## Analysis

The scope of discovery is broad, and the discovery rules are liberally interpreted. "Information is generally discoverable unless it is clear that the information sought has no bearing upon the subject matter of the action." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 237 (D. Minn. 2013). However, a "threshold

showing of relevance" must be made by the proponent of discovery, "in order to limit fishing expeditions." *Id.* (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). A district court has "the discretion to limit the scope of discovery to what the court perceive[s are] the central issues." *Hill v. Southwestern Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) (quoting *MKB Mgmt. Corp. v. Stenehjem*, 795 F.3d 768, 773 n.4 (8th Cir. 2015). Further, discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court in making this decision is guided by factors within Rule 26(b)(1), including whether the burden placed on the producing party outweighs the likely benefit of the discovery. *See also Deluxe Fin. Servs., LLC v. Shaw*, No. 16-cv-3065, 2017 WL 7369890 at *3–4 (D. Minn. Feb. 13, 2017) ("it is the 'collective' responsibility of the parties and the Court 'to consider the proportionality of all discovery.'" (quoting Advisory Committee Notes to the 2015 Amendments of Fed. R. Civ. P. 26(b)(1))).

Against this legal landscape, the Court ruled on the discovery disputes, striving to balance the relator's need for information to prove his case and the requirement that discovery remain proportional and efficient.

### A. Temporal Limitations of Discovery

For the reasons discussed on the record and reiterated here, discovery in this case will be limited to the time period of October 1, 2007 to June 30, 2014. Dr. Dicken's Second Amended Complaint sets forth dozens of examples of alleged fraudulent activity only during the time period of [2002] through June of 2014.[1] By its own language, it repeatedly and explicitly limits this action to fraudulent activity that occurred only between October 1, 2007 to June 30, 2014. (*E.g.*, Pl.'s 2d Amend. Compl. ¶ 22 ("This complaint covers only the false claims filed by Borgen and Tjelle from October 1, 2007 into June of 2014."); *see also id.* ¶¶ 42, 45, 63, 79, 127, 128, 200, 201, 285.) Because of the clear time-frame at issue in the complaint, the Court finds

---

[1] Only claims from October 1, 2007 are actionable, however, due to the statute of limitations. *See* Order, *United States ex rel. Robert Dicken v. Northwest Eye Center, P.A.*, 13-cv-2691 (D. Minn. May 30, 2017).

3

that requiring discovery outside of the seven years at issue would not be proportional to the needs of the case. *See Mayo Clinic v. United States*, No. 16-cv-03113-JNE-KMM, 2017 WL 8676991 at *5 (D. Minn. Dec. 15, 2017) (noting that courts should consider "the likelihood (or not) that information of significant probative value will be found [in the requested discovery].").

Dr. Dicken has presented three non-binding cases, which he argues demonstrate that discovery should not be limited to the representative claims pleaded in a qui tam complaint, or to the period of employment of the relator. While this Court largely agrees with Dr. Dicken as to his reading of the cases, this Court does not agree that the cases are applicable to this dispute.

Dr. Dicken's lead case is *United States ex rel. Brooks v. Stevens-Henager College, Inc.*, No. 2:15-cv-00119-JNP-EJF, 2018 WL 296088 (D. Utah Jan. 4, 2018). In *Brooks*, the court declined to limit discovery to the time period of the relator's employment and the specific allegations in the complaint. Dr. Dicken argues that *Brooks* stands for the proposition that discovery in a qui tam case *cannot* be limited to allegations within the complaint. This is inaccurate. The *Brooks* Court chose not to limit discovery because the complaint in that case specifically alleged fraudulent actions far beyond the limited time frame advocated for by the defendants. *Id.* at *5–6. Furthermore, the complaint contemplated additional fraudulent actions not specifically pleaded: "the Complaint repeatedly alleges a fraudulent course of conduct 'to at least 2011.' The 'at least' language indicates that [Plaintiffs] assert claims through 2011 at a minimum, not to 2011 only." *Id.* at *5 (citation omitted). The *Brooks* case is easily distinguishable because Dr. Dicken's complaint explicitly creates a clear time period of October 2007 to June 2014, and nowhere does it allege any fraudulent activity continuing past 2014.

Dr. Dicken's other authority, *United States ex rel. Fiederer v. Healing Hearts Home Care, Inc.*, No. 2:13-cv-1848-APG-VCF, 2014 WL 4666531 (D. Nev. Sept. 18, 2014), and *United States ex rel. McCartor v. Rolls-Royce Corp.*, No. 1:08-cv-00133-WTL-DML, 2013 WL 5348536 (S.D. Ind. Sept. 24, 2013), are similarly inapposite. Both decisions stand for the principle that discovery in qui tam cases should not be limited to the

relator's time of employment with the defendant. *Fiederer*, 2014 WL 4666531 at *4–6; *McCartor*, 2013 WL 5348536 at *3–5. This rule is inapplicable here, since defendants do not seek, and this Court does not impose, a limitation on discovery tied to Dr. Dicken's term of employment, which lasted only to April 30, 2011. (Pl.'s 2d Amend. Compl. ¶ 76.)

While relevancy in discovery is to be interpreted liberally, it must still "hew closely to matters specifically described in the complaint lest discovery, because of its burden an expense, become the centerpiece of litigation strategy." *McCartor*, 2013 WL 5348536 at *7. And proportionality remains an important overall constraint. *See* Fed. R. Civ. P. 26(b)(1). The liberal discovery rules do not permit a plaintiff discovery across an unlimited timeline, especially when the plaintiff has pleaded a specific and limited timeline in its complaint. Accordingly, discovery in this case will be limited to the time period of October 1, 2007 to June 30, 2014.[2]

### B. Appropriate scope of discovery of patient files and billing materials.

The Court uses its discretion to limit discovery of patient files and billing materials to those that contain one or more of the CPT and ICD-9 codes identified in the Second Amended Complaint, as well as the CPT code identified during the hearing on this Motion. If additional allegedly suspicious codes are uncovered, the parties should meet and confer to determine whether additional discovery is necessary.

Within the temporal and subject-matter limitations discussed above, the Court holds that Dr. Dicken is entitled to discovery of the following categories of information: patient charts and files for Medicare patients; Medicare billing and payment information; communications relating to fraud or billing to and from

---

[2] Counsel for Dr. Dicken objected to this ruling on the record, and indicated that Dr. Dicken would likely file a motion to amend the complaint once again in order to expand the temporal period of this litigation. The Court will address any motion to amend, and subsequent motion to expand discovery, if and when such motions are filed.

financial intermediaries; Medicare patient financial records and explanations of benefits; and any "master charge list" of Northwest Eye Clinic that may exist.

The court acknowledges that discovery of all Medicare patient charts and files could be unduly burdensome to Northwest, notwithstanding the temporal and subject matter limitations above. However, neither party has provided details regarding the total number of documents encompassed by this request, nor the burden that such a discovery request may cause. Therefore, parties are ordered to meet and confer regarding the appropriate scope of discovery of these documents. They are encouraged to agree to a representative sample size from within the above-delineated pool that is large enough for both parties to adequately assess the strengths and weaknesses of their claims and defenses.

### C. Sanctions

Finally, the Court finds that sanctions are not appropriate here. Northwest has not failed to comply with a court order, as would justify sanctions under Federal Rule of Civil Procedure 37(b), nor has Northwest failed to respond to or participate in discovery. *See* Fed. R. Civ. P. 37(d). Finally, this Court finds that Northwest was substantially justified in not providing all discovery requested, due to the overbreadth of the requests and the parties' inability to effectively communicate to narrow the disagreement. Accordingly, the Court will deny Dr. Dicken's motion for sanctions.

### Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Dr. Dicken's Motion to Compel is GRANTED in part and DENIED in part:

    a. Discovery is limited to documents created during or related to the time period of October 1, 2007 to June 30, 2014.

    b. Discovery of patient files or billing information is further limited to those documents that contain one or more of the CPT and ICD-9 codes identified in the Second Amended Complaint.

    c. Northwest shall produce all responsive documents that it has within its possession or control within 30 days of this Order.

2. Dr. Dicken's Motion for Sanctions is DENIED.


Date: June 14, 2018

                                        *s/Katherine Menendez*
                                        Katherine Menendez
                                        United States Magistrate Judge